1 | WHITE O'CONNOR FINK & BRENNER LLP
    Andrew M. White (STATE BAR NO. 60181)
2 |  Edward E. Weiman (STATE BAR NO. 193290)
    Hajir Ardebili (STATE BAR NO. 224624)
3 | 10100 Santa Monica Boulevard, Twenty-Third Floor
   Los Angeles, California 90067-4008
4 | Telephone: (310) 712-6100
   Facsimile: (310) 712-6199
5 | awhite@whiteo.com
   eweiman@whiteo.com
6 | hardebili@whiteo.com

7 | Attorneys for Plaintiff DIC I Corporation
   d/b/a DIC Entertainment Corporation

8 | [ADDITIONAL PARTIES LISTED ON
9 | SIGNATURE PAGE]

10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12 |

| | |
|---|---|
| DIC I CORPORATION, a Delaware corporation d/b/a DIC ENTERTAINMENT CORPORATION, | Case No.  CV 07-6907-VBF (JCx) |
| | STIPULATED PROTECTIVE ORDER |
| Plaintiff, | **[NOTE BOLDED CHANGES MADE BY COURT]** |
| v. | DISCOVERY MATTER |
| TROLL COMPANY A/S, a Denmark corporation, | Fed. R. Civ. P. 26(c); L.R. 7-1 |
| Defendant. | Hon. Jacqueline Chooljian (U.S. Magistrate Judge) |
| AND RELATED COUNTERCLAIM | Action Filed:   October 24, 2007 Trial Date:      None set |

# STIPULATED PROTECTIVE ORDER

WHEREAS all parties to this action desire a Protective Order for the purposes of protecting their confidential information and materials, including but not limited to trade secrets or other confidential research, development, or commercial information, the disclosure of which would be injurious to them;

IT IS HERE STIPULATED AND AGREED by and among Plaintiff DIC I Corporation d/b/a DIC Entertainment Corporation ("Plaintiff") and Defendant Troll Company A/S ("Defendant") (collectively, the "Parties") through their respective counsel of record and subject to the approval of the Court, without waiving any claims or defenses in the above-captioned action, that, in order to preserve the confidentiality of information produced by the Parties and to facilitate the exchange of information in discovery, the following Stipulated Protective Order (the "Protective Order") shall govern this action.

## I.

## RECITALS

A.    Plaintiff's complaint and Defendant's counterclaim in the above-captioned action both assert claims relating to the formation of two contracts between the Parties.  Each of Plaintiff and Defendant asserts that the other fraudulently induced those two contracts, and Plaintiff also asserts that Defendant was guilty of negligent misrepresentation.

B.    Good cause exists to grant this Protective Order.  The Parties anticipate that through the course of discovery, the Parties will request or otherwise be obligated to disclose confidential information, the public disclosure of which one or more of the Parties believes would be injurious.  As examples only, Plaintiff contends that non-public development and presentation materials prepared by Plaintiff, contracts with licensees, and non-public financial information should be protected from public disclosure; similarly, Defendant contends that materials

1  reflecting settlement negotiations and agreements with third parties should be

2  protected from public disclosure.

3        C.    Each of the Parties believes that the public disclosure of its

4  confidential materials and information would be injurious to it, and that a protective

5  order is warranted to protect the Parties from annoyance, embarrassment,

6  oppression, or undue burden or expense.  The Parties wish to comply fully with their

7  discovery obligations, but do not wish to compromise their legitimate interests, and

8  the respective legitimate interests of third party witnesses, in the confidentiality of

9  certain information and documentation.  Accordingly, the Parties seek to implement

10  a Protective Order.

11        D.    This Court has authority to grant this Protective Order.  Pursuant

12  to Rule 26(c) of the Federal Rules of Civil Procedure, a court may make an order

13  "specifying terms, including time and place, for the disclosure or discovery;"

14  providing that "a trade secret or other confidential research, development, or

15  commercial information not be revealed or be revealed only in a specified way;" and

16  providing that the parties file specified unredacted documents or information

17  enclosed "in sealed envelopes, to be opened as the court directs."  Fed. R. Civ. P.

18  26(c)(1)(B), (G), (H).

19        E.    In keeping with the foregoing, the Parties seek to establish

20  procedures that will protect all confidential and proprietary information while

21  expediting the discovery process, limiting the necessity for objections or subsequent

22  motions seeking to limit discovery and facilitating the disposition by this Court of

23  any disputes that may arise in connection with discovery.

24        Accordingly, subject to the approval of this Court, it is hereby

25  stipulated and agreed, by and between the Parties, through their respective counsel,

26  as follows:

27  / / /

28  / / /

2

STIPULATED PROTECTIVE ORDER

## II.

## STIPULATION

**A.     Scope of Protective Order**

1.     The protection of this Protective Order may be invoked with respect to any documents, testimony, information or things (collectively, "Materials") produced or created in this action that contain trade secrets or other confidential research, development, or commercial information of any party or non-party witness, or that the producing party is otherwise required or entitled by law to maintain in confidence, and with respect to any deposition, court filing, correspondence, exhibits or discovery request or response containing or referring to such Materials.  Said Materials may be designated "Confidential."  Such designation may be made by any party or by any non-party producing materials in this action, and the terms "producing party" or "designating party" as used herein shall be deemed to include a non-party that produces Materials in this action.

2.     This Protective Order shall be limited to pre-trial discovery and the filing of pre-trial motions**, except summary judgment motions.  See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006); Foltz v. State Farm Mutual Automobile Insurance Co., 331 F.3d 1122 (9th Cir. 2002).**  Any further protection must be sought by appropriate application, jointly or separately by the Parties.

3.     This Protective Order shall be without prejudice to the right of the Parties to present a motion to the Court for a separate protective order as to any particular document or information.

**B.     Disclosure of Confidential Materials**

1.     Materials designated "Confidential," as well as summaries, excerpts and compilations of such Materials, shall not be disclosed to or made accessible to any person except as specifically permitted by this Protective Order.

2.     Materials designated as "Confidential" by any Producing Party

3

1  may be disclosed only to:

2          (a)     The Court, its secretaries, clerks and law clerks, or as
3  otherwise directed by the Court;

4          (b)     The Parties;

5          (c)     Counsel for the Parties and paralegal assistants, office
6  clerks, secretaries and other such personnel working under their supervision, all of
7  whom shall be deemed bound by the terms of this Protective Order upon counsel's
8  signature;

9          (d)     In-house counsel to the Parties and paralegal assistants,
10 office clerks, secretaries and other such personnel working under their supervision,
11 all of whom shall be deemed bound by the terms of this Protective Order;

12         (e)     Officers and employees of the Parties assisting counsel in
13 the preparation, discovery, or trial of the case, or for the purpose of testifying in
14 deposition or at trial, or for the purpose of trying this proceeding or engaging in
15 appellate proceedings;

16         (f)     Former directors, officers, employees and consultants of a
17 party if such person was an author, source or recipient of the Material;

18         (g)     Consulting experts or expert witnesses who agree to be
19 bound by the terms of this Protective Order;

20         (h)     Witnesses or potential witnesses related to this action in
21 proceedings before this Court, including depositions, provided, however, such
22 witnesses may not be given a copy of, and may only be shown, Materials designated
23 as "Confidential," unless the witness or potential witness was an author or recipient
24 of the Material.  Materials designated as "Confidential" may be attached as a
25 deposition exhibit provided that no witness retains a copy of a deposition transcript
26 that includes such designated Materials, unless the witness was an author or
27 recipient of the Material;

28         (i)     Mock juries;

4

1          (j)     Deposition and court reporters and their support personnel,

2  for purposes of preparing transcripts;

3          (k)     Employees of outside copying services and other vendors

4  retained by counsel to assist in the copying, imaging, handling or computerization of

5  documents;

6          (l)     Any person who was either an original author or recipient

7  of a document;

8          (m)     The Arbitrator in the arbitration proceeding styled *Troll*

9  *Company A/S v. DIC Entertainment Corporation*, No. 50 180 T 315 07 (the

10  "Arbitration");

11          (n)     The case administrator, secretaries and clerks of the

12  American Arbitration Association and the International Centre for Dispute

13  Resolution responsible for the Arbitration;

14          (o)     Witnesses or potential witnesses related to the Arbitration

15  in proceedings before the Arbitrator, including depositions, provided, however, such

16  witnesses may not be given a copy of, and may only be shown, Materials designated

17  as "Confidential," unless the witness or potential witness was an author or recipient

18  of the Material.  Materials designated as "Confidential" may be attached as a

19  deposition exhibit provided that no witness retains a copy of a deposition transcript

20  that includes such designated Materials, unless the witness was an author or

21  recipient of the Material; and

22          (p)     Such other persons as the Parties may agree or be ordered

23  by the Court.

24          3.     Prior to the <u>first</u> disclosure of any Materials designated as

25  "Confidential" to any person described in paragraph B.2.(g), (h), (i), (o) and (p),

26  counsel for the party that has received and seeks to use or disclose such Materials

27  shall provide such person with a copy of this Protective Order, and shall **request**

28  **that he or she** execute on a second copy which counsel shall thereafter retain, the

5

following acknowledgement:

> "I understand that I am being given access to
> Material designated as 'Confidential'
> pursuant to the foregoing Protective Order.  I
> have read the Protective Order and agree to
> be bound by its terms with respect to the
> handling, use and disclosure of such
> designated Material.
> Dated:                    /s/                      "

**Absent court order, no disclosure of Materials designated as "Confidential" shall be made to any person described in paragraph B.2(g), (h), (i), (o) and (p), unless such person executes the foregoing acknowledgment.**

4.    In the event that a receiving party receives a subpoena or compulsory process from any entity for production of Confidential Material received in this action, that receiving party to whom the subpoena or compulsory process is directed shall on or before the fifth business day after receipt thereof, give written notice by hand, overnight delivery, e-mail or facsimile of such subpoena or compulsory process together with a copy thereof, to counsel for the producing party. The producing party shall have ten (10) days to respond by either consenting to production in writing or filing a motion to block discovery of its Confidential Material.  The receiving party shall not make production or disclosure of such Confidential Materials until the earliest of (a) receipt of the producing party's written consent, (b) the court issues an order upon the producing party's motion permitting such production or disclosure, or (c) the passage of ten days without the producing party either consenting to production or filing a motion to block discovery.  In the event that the requirements of a subpoena issued to a receiving party do not provide sufficient time to comply with the terms of this paragraph, the receiving party shall give immediate written notice of the subpoena to the producing

1  party by facsimile and overnight mail.

2  **C.      Designation of Materials as "Confidential"**

3             1.      "Confidential" Materials shall include only such information as

4  the designating party in good faith contends should be protected pursuant to this

5  Protective Order on the grounds that the information constitutes trade secrets or

6  other confidential research, development, or commercial information, the disclosure

7  of which, other than under the terms of this Protective Order, may cause harm to the

8  commercial and business interests of the party or non-party witness making the

9  designation.

10            2.      The protection of this Protective Order may be invoked with

11  respect to any covered Material in the following manner:

12            (a)      With respect to documents, the copy of the document

13  when produced shall bear the clear and legible designation "Confidential"

14  respectively on each page of the document;

15            (b)      With respect to discovery requests or the responses

16  thereto, the pages of such requests or responses containing "Confidential" materials

17  shall be so marked, and the first page of the requests or responses shall bear a legend

18  substantially stating that "This Document Contains Confidential Materials;"

19            (c)      With respect to any deposition, Confidential treatment

20  may be invoked by declaring the same on the record at the deposition with

21  instructions to so designate the cover of the deposition transcript.

22            3.      Any designation permitted under this section "II.C" which is

23  inadvertently omitted may be corrected within ten (10) days by written notification

24  to all counsel of record.  There shall be no liability on the disclosing party for

25  disclosures made pursuant to this Protective Order before such re-designation.

26            4.      Any party believing material designated as "Confidential" by

27  another is public or is otherwise not entitled to such designation may at any time

28  advise the designating party of that belief in writing, provide a brief statement of the

basis for that belief with service on all other parties, and allow ten (10) days for the designating party to respond.  If the designating party does not modify its designation of the material, the provisions of this Protective Order shall continue to apply unless modified by the Court upon motion by any party.

5.    In the event that a party produces documents which contain confidential information which was authored by, or provided to the producing party by, another party to this action (the "non-producing party"), the non-producing party may designate such documents as "Confidential" within thirty (30) days of the production by written notification to all counsel of record.

**D.    Filing and Serving of Court Papers**

1.    Pursuant to Local Rule 79-5.1 of the United States District Court for the Central District of California, no document shall be filed under seal without prior approval by the Court.  Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Material designated as "Confidential" shall, in keeping with Local Rule 79-5.1, with the Court's approval, be filed and maintained under seal, unless the Parties agree otherwise.  The party seeking to file the unredacted Material designated as "Confidential" shall submit an application, along with a proposed order, seeking a Court order permitting the designated Material to be filed under seal.  Accompanying the application for filing shall be a sealed envelope or other appropriate container with all of the information required under Local Rule 79-5.1, including a statement substantially in the following form:

| | |
|---|---|
| DIC I CORPORATION, a Delaware corporation d/b/a DIC ENTERTAINMENT CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>TROLL COMPANY A/S, a Denmark corporation, | Case No.  CV 07-6907-VBF (JCx)<br><br>Honorable Valerie Baker Fairbank<br><br>**[DOCUMENT TITLE]**<br><br>**CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED _____**<br><br>Action Filed:  October 24, 2007 |

8

1

Defendant.                      Trial Date:

2

3   AND RELATED COUNTERCLAIM

4

5   **E.      Use in Court Proceedings**

6          Nothing contained in this Protective Order shall be construed to

7   prejudice any party's right to use at trial or in any open hearing before the Court any

8   "Confidential" Material.

9   **F.      Handling and Disposition of Materials at Conclusion of Case**

10         Upon the termination of this litigation, including any appeal pertaining

11  thereto, all Discovery Material designated as "Confidential" and all copies thereof

12  shall be returned to the producing party or destroyed, at the election of the

13  producing party.  All Discovery Material designated as "Confidential" disclosed to

14  any person or party pursuant to any provision hereof also shall be returned to the

15  producing party or destroyed, at the election of the producing party.  **The Court and**

16  **its personnel, and are exempt from the requirements of this paragraph.**

17  **Similarly, this paragraph does not pertain to Discovery Material designated as**

18  **"Confidential" which may be in the possession of the Court and its personnel.**

19  **G.      Reservation of Rights**

20         By designating any Material "Confidential," the parties do not

21  acknowledge that any such Material is relevant or discoverable in this action.  This

22  Protective Order shall not constitute a waiver of any right to seek discovery of, or

23  alternatively to resist discovery of, any Material in this action.  This Protective

24  Order is without prejudice to any party's right to assert the attorney-client, work-

25  product, or other privileges and protections against disclosure.  Nothing in this

26  Protective Order shall in any way limit the uses to which the Parties and/or third

27  parties may put their own information and documents, regardless of how such

28  information and/or documents are designated under this Protective Order.  Nothing

9

STIPULATED PROTECTIVE ORDER

1  in this Protective Order may be used against any Party with respect to any claim or

2  defense asserted by that Party.

3  **H.**     **Challenge to Designation**

4           If any party objects to the designation of Material as "Confidential,"

5  and such objection cannot be resolved by agreement of counsel, the Material shall

6  be treated as designated and subject to this Protective Order, unless otherwise

7  ordered by the Court upon a motion made by the objecting party.  A party or witness

8  (or aggrieved entity permitted by the Court to intervene for such purposes) may

9  apply to the Court, pursuant to Local Rule 37-1, et seq., for a ruling that any

10  Material (or category of material) or testimony designated as "Confidential" is not

11  entitled to such status and protection.  To maintain Confidential status, the burden is

12  on the proponent of confidentiality to show that there is good cause for the Material

13  or testimony to have such protection.  The prevailing party on any motion

14  challenging the designation of Material as "Confidential" shall be entitled to its

15  reasonable attorneys' fees incurred in connection with such motion.  The failure to

16  challenge a party's designation by use of the procedure set forth in this paragraph

17  shall not constitute an admission that the information or documents at issue do, in

18  fact, constitute trade secrets or other confidential research, development, or

19  commercial information.

20  **I.**     **Modification**

21           Nothing in this Protective Order shall preclude any party from applying

22  to the Court to modify this Protective Order to provide for additional safeguards to

23  ensure the confidentiality of materials produced in this action or otherwise modify

24  this Protective Order for good cause shown.

25  / / /

26  / / /

27  / / /

28  / / /

STIPULATED PROTECTIVE ORDER

**J.**     **Retention of Jurisdiction**

The Court shall retain jurisdiction over all persons bound by this Protective Order during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Protective Order.

**STIPULATED TO AND AGREED:**

DATED:  April 29, 2008            WHITE O'CONNOR CURRY LLP
                                  Andrew M. White
                                  Edward E. Weiman
                                  Hajir Ardebili



                                  By /s/ Edward E. Weiman
                                  _____
                                       Edward E. Weiman
                                  Attorneys for Plaintiff DIC I Corporation d/b/a
                                  DIC Entertainment Corporation


DATED: April 23, 2008             CARLSMITH BALL LLP
                                  Jay S. Handlin (State Bar No. 196250)
                                  ASB Tower
                                  1001 Bishop Street, Suite 2200
                                  Honolulu, Hawaii  96813
                                  Telephone: (808) 523-2500
                                  Facsimile: (808) 523-0842
                                  jhandlin@carlsmith.com



                                  By /s/  Jan S. Handlin
                                  _____
                                       Jay S. Handlin
                                  Attorneys for Defendant Troll Company A/S


**[Signatures Continued On The Following Page]**

1   DATED:  April 25, 2008       CHRISTENSEN GLASER FINK JACOBS
                              WEIL & SHAPIRO LLP

2                               Patricia L. Glaser (State Bar No. 55668)
                               10250 Constellation Boulevard,

3                               Nineteenth Floor
                               Los Angeles, California  90067

4                               Telephone: (310) 553-3000
                               Facsimile: (310) 556-2920

5                               pglaser@chrisglas.com

8                          By /s/  Patricia L. Glaser

9                               Patricia L. Glaser
                           Attorneys for Defendant Troll Company A/S

10

11  **GOOD CAUSE EXISTING FOR THE FOREGOING STIPULATED PROTECTIVE ORDER, IT IS SO ORDERED.**

12  DATED:  May 13, 2008

15                          By /s/ Jacqueline Chooljian

16                             Hon. Jacqueline Chooljian
                          U.S. Magistrate Judge

STIPULATED PROTECTIVE ORDER