1  WHITE O'CONNOR FINK & BRENNER LLP
   Andrew M. White (STATE BAR NO. 60181)
2  Edward E. Weiman (STATE BAR NO. 193290)
   Hajir Ardebili (STATE BAR NO. 224624)
3  Erin H. Fox (STATE BAR NO. 245633)
   10100 Santa Monica Boulevard, Twenty-Third Floor
4  Los Angeles, California 90067-4008
   Telephone: (310) 712-6100
5  Facsimile: (310) 712-6199
   awhite@whiteo.com
6  eweiman@whiteo.com
   hardebili@whiteo.com
7  efox@whiteo.com

8  Attorneys for Plaintiff DIC I Corporation
   d/b/a DIC Entertainment Corporation
9

10              UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13 DIC I CORPORATION, a Delaware           Case No.  CV 07-6907-VBF (JCx)
   corporation d/b/a DIC
14 ENTERTAINMENT                           **DECLARATION OF ERIN H. FOX IN**
   CORPORATION,                            **SUPPORT OF PLAINTIFF DIC**
15                                         **ENTERTAINMENT**
                                           **CORPORATION'S MOTION TO**
16              Plaintiff,                 **COMPEL PRODUCTION OF**
                                           **DOCUMENTS BY NON-PARTY**
17         v.                              **PLAYMATES TOYS, INC. AND**
                                           **REQUEST FOR ATTORNEYS' FEES**
18 TROLL COMPANY A/S, a Denmark
   corporation,                            *[Notice of Motion and Motion;*
19                                         *Memorandum of Points and Authorities;*
                Defendant.                 *and [Proposed] Order filed concurrently*
20                                         *herewith]*

21 _____       **DISCOVERY MATTER**

22 AND RELATED COUNTERCLAIM               **Fed. R. Civ. P. 37; L.R. 37-1, et seq.**

23                                         **Hon. Jacqueline Chooljian**
                                           **(U.S. Magistrate Judge)**
24
                                           Date:   October 21, 2008
25                                         Time:   8:30 a.m.
                                           Place:  Courtroom 20
26
                                           Discovery Cut-off:     February 17, 2009
27                                         Pretrial Conference:   March 23, 2009
                                           Trial Date:            April 7, 2009
28 _____

230766.2.doc
                        DECLARATION OF ERIN H. FOX

## DECLARATION OF ERIN H. FOX

I, Erin H. Fox, declare as follows:

1.     I am an attorney duly admitted to practice before this Court and an associate of White O'Connor Fink & Brenner LLP, attorneys of record for Plaintiff DIC I Corporation d/b/a DIC Entertainment Corporation ("DIC") in this action. I submit this declaration in support of DIC's Motion to Compel Production of Documents from Non-Party Playmates Toys, Inc. ("Playmates"). I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

2.     Attached hereto as Exhibit A, and incorporated herein by this reference, is a true and correct copy of the Report of Preliminary Hearing and Scheduling Order # 2, dated April 22, 2008 ("Order"), which was issued by Arbitrator in the related arbitration proceedings between the parties (American Arbitration Association Case No. 50 180 T 315 07). Pursuant to paragraph 8 of the Order, the parties may use all discovery taken in this action in the arbitration proceedings.

3.     Playmates produced a limited number of documents in response to the Subpoena in a Civil Case ("Subpoena"), which was issued by DIC in this action and is attached hereto as Exhibit B. I have reviewed the documents produced by Playmates in response to the Subpoena, which include a confidential copy of a February 2001 License Agreement between Playmates and Troll Company for rights to the Good Luck Troll property.

4.     Also included among Playmates' limited (but incomplete) production of documents in response to DIC's Subpoena, is a confidential copy of a February 2002 Termination Agreement between Playmates and Troll Company, which terminated the parties' February 2001 License Agreement (referenced above in paragraph 3).

/ / /

/ / /

5.     Attached hereto as Exhibit B, and incorporated herein by this reference, is a true and correct copy of the Subpoena and accompanying document requests ("Requests").

6.     On June 2, 2008, Playmates made an initial, limited production in response to the Subpoena, which included copies of the, License Agreement and Termination Agreement (referenced above in paragraphs 3 and 4, respectively) and limited correspondence related to those Agreements.  Playmates did not make any written objections to the Subpoena.

7.     On June 19, 2008, I spoke with Playmates' counsel, Kent Raygor of Sheppard Mullin Richter & Hampton LLP, to discuss whether Playmates' was in possession of additional documents responsive to the Subpoena.  Mr. Raygor told me that Playmates was in possession of sales figures for the "Totally Troll" property, which Playmates had developed pursuant to its agreement with Troll Company.  Such sales figures are expressly called for by Request No. 11 of the Subpoena.  During our conversation, Mr. Raygor further indicated that Playmates might be in possession of other types of responsive documents, and that he intended to work with his client to conduct the appropriate searches for those documents.

8.     The next day, I left a voicemail for Mr. Raygor and sent him an e-mail. I requested (in both the voicemail and the e-mail) that Playmates complete its production of all documents requested by the Subpoena – including, but not limited to sales figures for "Totally Troll" – on or before June 30, 2008.  Attached hereto as Exhibit C, and incorporated herein by this reference, is a true and correct copy of my e-mail to Mr. Raygor, dated June 20, 2008.  Mr. Raygor did not return my call or respond to my e-mail, nor did Playmates produce any additional documents.

9.     Over the course of the next month, I left multiple voicemails for Mr. Raygor, reiterating DIC's request for Playmates to produce all documents called for by the Subpoena.  I received no response from Mr. Raygor.  On July 16, 2008, I sent Mr. Raygor an e-mail requesting that Mr. Raygor contact me as soon as possible

1 regarding Playmates' incomplete production. Attached hereto as Exhibit D, and
2 incorporated herein by this reference, is a true and correct copy of my e-mail to Mr.
3 Raygor, dated July 16, 2008. I finally reached Mr. Raygor by phone on July 17,
4 2008. During our call, Mr. Raygor agreed (again) to speak with Playmates promptly
5 about the production of additional responsive documents, and further agreed to
6 produce the documents on or before August 7, 2008. Attached hereto as Exhibit E,
7 and incorporated herein by this reference, is a true and correct copy of the
8 confirming e-mail I sent to Mr. Raygor on July 17, 2008, immediately following our
9 phone conversation.

10      10.     On July 28, 2008, at 2:18 a.m., I received an e-mail from Mr. Raygor,
11 in which he informed me that he was going out of the country that morning, and
12 would have to coordinate the additional production of documents by Playmates
13 long-distance. I responded to Mr. Raygor's e-mail at 9:30 a.m. of the same morning
14 to ask whether Mr. Raygor's travels would further delay Playmates' production of
15 documents. Mr. Raygor did not respond. Attached hereto as Exhibit F, and
16 incorporated herein by this reference, is a true and correct copy of the e-mail chain
17 between Mr. Raygor and me from the morning of July 28, 2008.

18      11.     Although Mr. Raygor had previously agreed that Playmates would
19 complete its production of responsive documents on or before August 7, 2008, on
20 August 11, 2008, DIC had not received any additional documents from Playmates,
21 nor any explanation from Mr. Raygor for the delay. I sent another e-mail to Mr.
22 Raygor requesting that he provide a date when DIC could expect to receive the
23 outstanding document production. Attached hereto as Exhibit G, and incorporated
24 herein by this reference, is a true and correct copy of my e-mail to Mr. Raygor,
25 dated August 11, 2008. Mr. Raygor did not respond. On August 21, 2008, Edward
26 Weiman of my firm left a voicemail for Mr. Raygor inquiring about the status of the
27 / / /
28 / / /

1

2   additional production from Playmates.  Mr. Raygor never returned Mr. Weiman's

3   call.

4          12.    Three weeks more passed without any word from Mr. Raygor nor any

5   document production from Playmates.  On September 11, 2008, I sent Mr. Raygor a

6   letter constituting DIC's final request that Playmates produce all outstanding

7   documents in response to the Subpoena.  In the letter, I demanded that Playmates

8   fully comply with the Subpoena on or before September 19, 2008.  As an

9   alternative, I proposed that the parties meet and confer to discuss the unresolved

10  Requests and, if necessary, proceed with the preparation of a joint stipulation,

11  pursuant to Local Rule 37, on a motion to compel production from Playmates.

12  Attached hereto as Exhibit H, and incorporated herein by this reference, is a true and

13  correct copy of my letter to Mr. Raygor, dated September 11, 2008.

14         13.    On September 15, 2008, I sent Mr. Raygor one last e-mail inquiring

15  whether he was available to meet and confer regarding the Subpoena (or if

16  Playmates would, instead, be producing responsive documents) as requested in my

17  September 11th letter.  Attached hereto as Exhibit I, and incorporated herein by this

18  reference, is a true and correct copy of my final e-mail to Mr. Raygor, dated

19  September 15, 2008.  As of today, Mr. Raygor has failed provide any response to

20  my letter and e-mail, and Playmates has failed to complete its production of

21  responsive documents.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

230766.2.doc

4

1      14.    Attorneys at my firm have collectively spent forty (25) hours preparing

2   this motion and accompanying documents.  Furthermore, we anticipate collectively

3   spending more than fifteen (15) hours preparing a reply in support of this motion

4   and preparing for and appearing at the hearing on the Motion.  Thus, we ask that

5   DIC be compensated for forty (40) hours at a blended rate of $250 per hour for a

6   total of $10,000.  The rate of $250 per hour is significantly less than the average

7   hourly rate which we charge to DIC for my time.  We are requesting that the Court

8   order Playmates to compensate our client at this substantially reduced rate in order

9   to keep our specific fee arrangement with our client confidential.

10      I declare under penalty of perjury under the laws of California and the United

11   States that the foregoing is true and correct.

12      Executed on September 25, 2008 at Los Angeles, California.

13

14                                    _____
                                             Erin H. Fox
15

16

17

18

19

20

21

22

23

24

25

26

27

28

230766.2.doc                                 5